UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IOSIF TAMAS, | ) | CASE NO. C05-0391-JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| KING COUNTY SUPERIOR COURT, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

Plaintiff Iosif Tamas, proceeding *pro se*, submitted an *in forma pauperis* (IFP) application and a proposed complaint on March 10, 2005. (Dkt. 1.) On March 11, 2005, plaintiff submitted an amended complaint, along with a praecipe containing a package of documents that plaintiff described as additional information. (Dkt. 2.) Plaintiff's proposed amended complaint raises claims under 42 U.S.C. § 1983 and is directed against the King County Superior Court and "third party." At the Court's direction, plaintiff also filed a new IFP application because his initial application was incomplete. (Dkt. 4.)

Having reviewed plaintiff's IFP application, his proposed amended complaint, the additional information submitted by plaintiff in his praecipe, and court records regarding prior actions filed by Mr. Tamas in this Court, it is recommended that plaintiff be denied leave to proceed IFP and that this action be dismissed.

"A district court may deny leave to proceed *in forma pauperis* at the outset if it appears

REPORT AND RECOMMENDATION
PAGE -1

from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Furthermore, district courts are required under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) to dismiss actions that are frivolous or fail to state a claim upon which relief may be granted.

As amended, plaintiff's proposed complaint describes his claim under 42 U.S.C. § 1983 as follows:

> The Superior Court for the state of Washington for King County Washington violated Plaintiff's 14th Amendment Due Process Rights. Plaintiff was charged with a crime which prove[d] to be untrue. While Plaintiff was incarcerated in the King County Jail, and prison, Seattle and Shelton, Washington, Plaintiff was the subject of continuance violation of Plaintiff's right to due process as required by the 14th Amendment to the United States constitution. Plaintiff when making a demand that he be brought before the court. Plaintiff was denied that right by the courts even after plaintiff appointed his rights to due process as required by the 14th Amendment to the United States Constitution. The Superior Court further subject plaintiff to being subject to harassment by other inmates in the King County Jail. At all times material hereto Plaintiff was subject to King County Superior Court Commissioner Steven Gaddis move to deny plaintiff's rights to due process by forcing plaintiff to have to rely on an attorney who did not meet the simple requirement of being able to protect plaintiff's rights to due process of law. While being held in the King County jail on false charges. Plaintiff loss his home, vehicles, wife and his children all at the hands of states courts and their appointees and elected officials.

(Dkt. 2.) As relief, plaintiff seeks $30,000 from the Superior Court. He also appears to request that his entire family be returned with all other property, that his record be made clean, and that he be given tow trucks. *Id.*

Plaintiff's proposed amended complaint was submitted on a form that directed him to identify all other lawsuits he has brought in federal court. Plaintiff only indicated that he had brought one other suit, and identified that case as C02-0157C. However, court records indicate that in addition to C02-0157C, plaintiff has filed at least four other lawsuits in this Court since 1998: C98-1151R; C98-1619C; C01-2066P; and C03-2530C.

In C03-2530C, plaintiff proceeded *in forma pauperis* and filed a complaint against numerous defendants under 42 U.S.C. § 1983, including the King County Superior Court, Commissioner Steven Gaddis, and the City of Seattle Law Department. A Report and

REPORT AND RECOMMENDATION
PAGE -2

Recommendation issued by Magistrate Judge Benton in that case noted as follows:

> [A] local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability; rather a plaintiff must allege that a constitutional deprivation was the product of a policy or custom of the local governmental unit. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Allegations of random acts, or single instances of misconduct are insufficient to establish a municipal custom. *See Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996). The court has provided Plaintiff an opportunity to amend his complaint and cure the deficiencies; however, Plaintiff has failed to do so. Plaintiff seeks to sue the King County Superior Court and the City of Seattle Law Department without alleging any facts or a plausible theory on which to sue these entities. Thus, Tamas' claims against the King County Superior Court and the City of Seattle Law Department are also frivolous.

(Dkt. 19 in C03-2530C). Judge Benton further recommended dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *Id.* On February 10, 2004, Judge Coughenour issued an order adopting Judge Benton's Report and Recommendation and dismissing plaintiff's complaint with prejudice. (Dkt. 20 in C03-2530C).

Plaintiff's proposed amended complaint in this matter contains the same deficiencies noted in Judge Benton's Report and Recommendation in C03-2530C. As before, he does not allege a constitutional deprivation that was the product of a policy or custom of a local government unit. As such, plaintiff's proposed amended complaint in this action is subject to dismissal for the same reasons identified in the Report and Recommendation in C03-2530C.

In addition, plaintiff's previous claims against the King County Superior Court in C03-2530C were previously determined to be frivolous. "*Res judicata*, or claim preclusion, 'bars any lawsuits on any claims that were raised or could have been raised in a prior action.'" *FTC v. Garvey*, 383 F.3d 891, 897 (9th Cir. 2004). In general, *res judicata* applies if there is (1) identity between the parties; (2) identity of claims; and (3) a final judgment on the merits. *Id.* Here, both plaintiff and the King County Superior Court were parties to C03-2530C. In addition, the claims that plaintiff seeks to raise in his proposed amended complaint are claims that he could have raised

01 against the King County Superior Court in C03-2530C.[1]  Finally, while a dismissal of a claim as
02 frivolous under 28 U.S.C. § 1915(e)(2)(B) is generally not regarded as a dismissal on the merits,
03 the Supreme Court has held that when a prior *in forma pauperis* complaint is dismissed as
04 frivolous, such a dismissal may "have a *res judicata* effect on frivolousness determinations for
05 future *in forma pauperis* petitions." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

06       As discussed above, this Court previously dismissed plaintiff's claims against the King
07 County Superior Court in C03-2530C as frivolous.  The Court's previous determination of
08 frivolousness should be accorded *res judicata* effect here.  Furthermore, the deficiencies in
09 plaintiff's proposed amended complaint could not be cured through amendment, given that the *res*
10 *judicata* effect of this Court's prior determination in C03-2530C would continue to apply.

11       Therefore, it is recommended that plaintiff's application to proceed *in forma pauperis* be
12 denied and that this action be dismissed.  A proposed Order accompanies this Report and
13 Recommendation.

14       DATED this  14th  day of April, 2005.

                                                      Mary Alice Theiler
                                                      United States Magistrate Judge

---

[1] As Judge Benton noted in her Report and Recommendation, plaintiff had been given the opportunity in C03-2530C to amend his claims against the King County Superior Court after being notified of the deficiencies in his complaint (Dkt. 12 in C03-2530C), but failed to do so. Furthermore, both the proposed amended complaint in this case and the complaint in C03-2530C concerned events that occurred while plaintiff was incarcerated, which indicates that plaintiff could have raised the claims asserted in this action against the King County Superior Court in his previously dismissed action in C03-2530C.